IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**CHRISTOPHER LEE EAST,**

      **Plaintiff,**

v.                                      Case No.: 1:16-cv-07798

**CAROLYN W. COLVIN,**
**Acting Commissioner of the**
**Social Security Administration,**

      **Defendant.**

## MEMORANDUM OPINION

      This is an action seeking review of the decision of the Commissioner of the Social Security Administration (hereinafter the "Commissioner") denying Plaintiff's application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. The case is presently before the court on the plaintiff's motion for judgment on the pleadings, seeking, *inter alia,* reversal and remand of the Commissioner's decision, and the defendant's motion to remand. (ECF Nos. 10, 11). Both parties have consented in writing to a decision by the United States Magistrate Judge. (ECF No. 12). The court has fully considered the representations and arguments of counsel and **GRANTS** both motions. Accordingly, the court **FINDS** that the decision of the Commissioner should be **REVERSED** and **REMANDED**, pursuant to sentence four of 42 U.S.C. § 405(g), for further evaluation of Plaintiff's application as stated herein.

      Plaintiff, Christopher Lee East ("Claimant"), completed an application for DIB on January 10, 2013, alleging a disability onset date of December 19, 2012, (Tr. at 178), due

to "PTSD, Back Injury, Leg Injury (both), [and] Hearing Loss." (Tr. at 203). The Social Security Administration ("SSA") denied the application initially and upon reconsideration. (Tr. at 15). Claimant filed a request for a hearing, which was held on October 27, 2014 before the Honorable Anne V. Sprague, Administrative Law Judge ("ALJ"). (Tr. at 38-76). By written decision dated December 3, 2014, the ALJ determined that Claimant was not entitled to benefits. (Tr. at 16-28). The ALJ's decision became the final decision of the Commissioner on June 23, 2016, when the Appeals Council denied Claimant's request for review. (Tr. at 1-5).

On August 17, 2016, Claimant filed the present civil action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g). (ECF No. 1). The Commissioner filed an Answer on October 17, 2016, along with a Transcript of the Proceedings. (ECF Nos. 6, 7). Thereafter, Claimant filed a brief in support of judgment on the pleadings, requesting remand of the Commissioner's decision under both sentence four and sentence six of 42 U.S.C. § 405(g). (ECF No. 10). Claimant asserted, in relevant part, that reversal and remand were appropriate, because the ALJ had failed to provide a sufficient explanation of her findings at steps two and three of the sequential disability determination process, and because Claimant had new and material evidence to submit. (*Id.* at 5-10). On December 27, 2016, after being given an extension for the filing of her brief in opposition to reversal and remand, the Commissioner filed a motion for remand under sentence 4 of 42 U.S.C. § 405(g), acknowledging that the ALJ's decision denying benefits merited further evaluation. (ECF No. 11). The Commissioner represented that Claimant agreed to a sentence four remand.

Title 42 U.S.C. § 405(g) authorizes the district court to remand the decision of the Commissioner of Social Security for further consideration at different stages of the

judicial proceedings. When the Commissioner requests remand prior to filing an answer to the plaintiff's complaint, the presiding court may grant the request under sentence six of § 405(g), upon a showing of good cause. In addition, a court may remand the matter "at any time" under sentence six to allow "additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). When a court remands the Commissioner's decision under sentence six, the court retains jurisdiction over the matter, but "closes it and regards it as inactive" until additional or modified findings are supplied to the court. *See McPeak v. Barnhart,* 388 F.Supp.2d 742, 745 n.2. (S.D.W.Va. 2005).

In contrast, under sentence four of 42 U.S.C. § 405(g), "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Because a sentence four remand effectively "terminates the litigation with victory for the plaintiff," the court enters a final judgment dismissing the case and removing it from the court's docket. *Shalala v. Schaefer*, 509 U.S. 292, 299, 113 S. Ct. 2625, 2630-31, 125 L. Ed. 2d 239 (1993) ("Under § 405(g), 'each final decision of the Secretary [is] reviewable by a *separate* piece of litigation," and a sentence-four remand order '*terminate[s]* the civil action' seeking judicial review of the Secretary's final decision.") (quoting in *Sullivan v. Hudson,* 490 U.S. 877, 892, 109 S.Ct. 2248, 2258, 104 L.Ed.2d 941 (1989)).

Given that Claimant moved this court to reverse and remand the decision of the Commissioner, and the Commissioner ultimately agreed to a remand without contesting

3

the arguments raised by Claimant, the court concludes that Claimant is entitled to reversal and remand of the Commissioner's decision on the grounds asserted in her brief. Moreover, the court notes that in her motion to remand, the Commissioner asks for a sentence four remand; thereby, implicitly conceding termination of the judicial proceeding in Claimant's favor. Accordingly, the court hereby **GRANTS** Claimant's motion for judgment on the pleadings, to the extent that it requests reversal and remand under sentence four, (ECF No. 10); **GRANTS** Defendant's motion to remand, (ECF No. 11); **REVERSES** the final decision of the Commissioner; **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this opinion; and **DISMISSES** this action from the docket of the Court. A Judgment Order will be entered accordingly.

The Clerk of this Court is directed to transmit copies of this Memorandum Opinion to counsel of record.

**ENTERED:** January 4, 2017

_____
Cheryl A. Eifert
United States Magistrate Judge

4